IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DAYTON GRESHAM,<br><br>　　　Plaintiff,<br><br>vs.<br><br>FATHER & SON PLUMBING LLC and TERRY SCOTT WOOD, Individually.<br><br>　　　Defendants. | CIVIL ACTION FILE NO.:<br><br>　3:25-cv-63　　　　　　　　　<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

COMES NOW Plaintiff Dayton Gresham ("Plaintiff") and files this Complaint against Defendants Father & Son Plumbing LLC (hereinafter "Defendant Father & Son Plumbing") and Terry Scott Wood (hereinafter "Defendant Terry Wood").

## **INTRODUCTION**

1. This is an action arising out of the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. §§ 201-216. Plaintiff is a resident of the State of Georgia and a former employee of Defendant Father & Son Plumbing. Defendant Terry Wood owns Defendant Father & Son Plumbing and played a key role in setting Plaintiff's schedule and deciding not to pay Plaintiff an overtime premium. Defendant Father & Son Plumbing and Defendant Terry Wood were Plaintiff's FLSA employer for

the relevant period of time. Plaintiff brings this action to recover from Defendants unpaid overtime compensation, backpay, liquidated damages, attorneys' fees, litigation expenses and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), as described below.

2. Plaintiff was an hourly employee of Defendants whose primary duties included plumbing duties.

3. During Plaintiff's employment, Plaintiff consistently worked in excess of forty hours per week, but he never received an overtime premium for his hours worked in excess of forty each workweek. Defendants paid Plaintiff only his straight hourly rate for his hours worked in excess of forty.

## PARTIES AND JURISDICTION AND VENUE

4. Plaintiff is a Georgia resident who worked for Defendants in Georgia for approximately from 2023 to 2025.

5. At all times relevant hereto, Defendant Father & Son Plumbing was and is a Georgia limited liability company with a principal place of business located at 533 Yancey Rd, Arnoldsville, Ga, 30619.

6. Defendant Father & Son Plumbing is subject to actions of this kind and nature and pursuant to Rule 4 of the Federal Rules of Civil Procedure may be served through its registered agent, Terry Wood at 533 Yancey Rd, Arnoldsville, Ga, 30619.

7. Defendant Father & Son Plumbing's business activities involve those to which the Fair Labor Standards Act applies. For example, Defendant Father & Son Plumbing engages in interstate commerce.

8. On information and belief, Defendant Father & Son Plumbing's previous annual gross volume of sales exceed $500,000.

9. Defendant Father & Son Plumbing is Plaintiff's employer under the FLSA, 29 U.S.C. § 203.

10. Defendant Terry Wood is an individual who owns Defendant Father & Son Plumbing, set Plaintiff's schedule, received and evaluated Plaintiff's complaints regarding overtime, and decided not to pay Plaintiff an overtime premium

11. This Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331.

12. Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c) because Defendants reside in this judicial district and a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTS

**A. Plaintiff was an FLSA employee of Defendants.**

13. Defendants employed Plaintiff to work on an hourly basis performing plumbing services at general description of throughout Georgia, and also in South

Carolina, North Carolina, Tennessee, Florida and contracted to provide commercial plumbing services.

14. Plaintiff's primary duties while working for Defendants included running pipes up the walls and stubbing them out, after the dry wall was installed, he would install the plumbing fixtures like toilets and sinks.

15. Plaintiff worked for someone else's business, namely Defendant Father & Son Plumbing. Plaintiff did not own his own business and was not in business for himself.

16. Plaintiff could only earn more income by working additional hours. Defendant Father & Son Plumbing paid Plaintiff hourly for his work. He was not paid a flat rate per job. Plaintiff lacked authority to earn more income through making business decisions.

17. Plaintiff used Defendant Father & Son Plumbing's plumbing supplies and tools. Plaintiff never purchased any tools.

18. Plaintiff only worked for Defendant Father & Son Plumbing.

19. Defendant Father & Son Plumbing required Plaintiff to clock-in and out.

20. Plaintiff's relationship with Defendant Father & Son Plumbing was indefinite, until the company terminated his employment or he resigned. By contrast,

he was not assigned a temporary relationship that lasted only until the project was completed.

21. Defendant Father & Son Plumbing decided how and when Plaintiff's work will be performed.

22. Defendant Father & Son Plumbing assigned Plaintiff the work to perform.

23. Plaintiff did not have authority to hire or fire employees of Defendant Father & Son Plumbing.

**B.   Defendants failed to pay Plaintiff overtime.**

24. Defendants never paid Plaintiff a time and one-half overtime premium when he worked more than forty hours per week. Defendants paid Plaintiff only him straight hourly rate when he worked more than forty hours per week.

25. Plaintiff provides two examples to illustrate the illegal manner that Defendants paid Plaintiff's overtime. There are numerous instances when Defendants' failed to pay Plaintiff an overtime premium for his hours worked in excess of forty. The below are simply illustrative examples.

26. Plaintiff's pay stub for the week of June 6, 2024 to June 12, 2024 shows that Plaintiff worked a total of 65 hours, but Defendants only paid him straight time for all hours worked, even though he worked more than forty hours a work week.



27. Plaintiff's pay stub for the pay period of December 23, 2023 to January 3, 2024 shows that when he worked 73 hours in one week, Defendants paid him straight time for all hours worked, even though he worked more than forty hours a work week.

```
EARNINGS

Regular Pay
$19/hr x 73hrs                                    $1,390.23

Gross Pay                                         $1,390.23
```

28. Plaintiff's work was not and is not subject to any exemption to the FLSA and as such, he should have received one and one-half his regular rate for all hours worked over forty hours in a given work week.

29. Plaintiff complained to Defendant Terry Wood about his failure to pay his overtime.

30. Plaintiff asked Defendant Terry Wood for his complete pay stubs so that he could calculate the full amount of his overtime due, and Defendant uncle responded

> I don't give a fuck what the law says you and the law can kiss my ass dating. I have shit not for you so leave me the fuck alone.

31. Defendants blocked Plaintiff from accessing his pay and time information in the online portal.

## COUNT I – FLSA VIOLATIONS

32. Plaintiff re-alleges the above paragraphs and herein incorporates them by reference to this count.

33. Defendants were Plaintiff's FLSA employers.

34. Plaintiff was an FLSA employee of Defendants.

35. The FLSA requires that an employer compensate employees for hours worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

7

36. Defendants failed to pay Plaintiff at a rate not less than one and one-half times the regular rate at which he is employed for all hours worked in excess of forty per week.

37. FLSA rights "cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982).

38. Defendants' policies and actions as stated above were willful violations of the FLSA, 29 U.S.C. §§ 206-207, requiring overtime compensation to be paid at a rate not less than one and one-half times the regular rate of rate of pay for hours worked over forty in a given week.

39. Under 29 U.S.C. 216(b), Defendants are liable to Plaintiff in the amount of her unpaid overtime wages, an additional amount as liquidated damages, and reasonable attorneys' fees, litigation expenses, and costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays this Court grant the following relief:

a. A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b.  An award of past due overtime wages for Plaintiff for the period of the three years prior to filing this Complaint to present;

c.  That the Court award Plaintiff liquidated damages;

d.  That this Court award Plaintiff his reasonable attorneys' fees, costs, and litigation expenses;

e.  Any and other such further relief this Honorable Court or the Finder of Fact deems equitable and just.

Respectfully submitted this 29th day of April, 2025.

                By:    */s/ Julie H. Burke*
                         Julie H. Burke
                         Georgia Bar No. 448095
                         **HILL, KERTSCHER & WHARTON, LLP**
                         3625 Cumberland Blvd, SE, Suite 1050
                         Atlanta, GA 30339
                         Tel: (770) 953-0995
                         Fax: (770) 953-1358
                         Email: jb@hkw-law.com
                         *Attorney for Plaintiff*