IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DAYTON GRESHAM,                        *

    Plaintiff,                         *

vs.                                    *

                            CASE NO. 3:25-CV-63 (CDL)

FATHER & SON PLUMBING LLC and          *
TERRY SCOTT WOOD,
                                       *
    Defendants.
                                       *

_____

O R D E R

Dayton Gresham worked for Father & Son Plumbing LLC.  He claims that Father & Son Plumbing and its owner, Terry Scott Wood, were his employers and that they did not pay him overtime wages to which he was entitled.  Gresham brought this action under the Fair Labor Standards Act, seeking to recover overtime compensation. Presently pending before the Court is Gresham's partial summary judgment motion on the issue of willful FLSA liability.  For the reasons set forth below, the Court grants the motion (ECF No. 10). The Court also grants Gresham's request for a hearing on damages. The hearing is scheduled for April 22, 2026 beginning at 9:00 A.M. or as soon thereafter as it may be reached at the federal courthouse in Athens.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

In accordance with the Court's local rules, Gresham submitted a statement of undisputed material facts with its summary judgment motion. *See* M.D. Ga. R. 56 (requiring a statement of material facts that is supported by the record). Defendants, who are represented by counsel, did not respond to the statement of material facts or to the summary judgment motion. Gresham's statement of facts is thus deemed admitted pursuant to Local Rule 56, and the Court reviewed Gresham's citations to the record to determine whether a genuine fact dispute exists. See M.D. Ga. R. 56 ("All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate.").

2

FACTUAL BACKGROUND

Dayton Gresham worked for Father & Son Plumbing, LLC from March of 2023 until sometime in 2025.  His job was to provide plumbing services for Father & Son Plumbing's customers in Georgia and South Carolina.  Terry Scott Wood is Father & Son Plumbing's sole owner.  The company's employees reported to Wood, who had authority to set employees' pay rates, to determine whether they were paid on an hourly basis or a salary basis, and to decide whether employees received overtime premium pay.  Wood made the employees' schedules, set the employees' work assignments, and had authority to discipline and terminate employees.

Father & Son Plumbing, through Wood, set Gresham's schedule and assigned his daily tasks.  If Gresham refused an assignment, then he could be written up or disciplined by Wood.  Gresham worked for Father & Son Plumbing on an hourly basis and was not paid a salary.  Gresham wore a Father & Son Plumbing uniform and received all his tools, supplies, and equipment from the company.  Gresham was required to clock in and out.  Father & Son Plumbing never paid overtime premiums to any employees.  Gresham often worked more than forty hours in a week but only received straight time for the hours he worked in excess of forty, with no overtime premium pay.  Gresham was never paid the overtime premium under any payroll system used by Father & Son Plumbing.

3

Wood has heard of the Fair Labor Standards Act, though he claims that he did not know about the law's overtime premium pay requirement.  He did not do any research on the law.  Wood was aware that Father & Son Plumbing's employees sometimes worked more than 40 hours per week.  Wood told his employees when he hired them that he would not pay an overtime premium in the weekly paychecks but would pay employees monthly, quarterly, and Christmas bonuses to compensate for the overtime.  Those bonuses, though, were not included in Father & Son Plumbing's payroll records, and evidence of the bonuses was not produced during discovery or in response to the pending summary judgment motion. Wood also believes that Gresham signed a document agreeing to be categorized as an independent contractor instead of an employee, but that document was not produced during discovery or in response to Gresham's summary judgment motion.

When Gresham decided to seek overtime pay, he sent Wood a text message asking for his pay stubs.  Wood responded that he would get Gresham the pay stubs when he had time.  Gresham responded, "That's not what the law says bud."  Wood Dep. Ex. 7, Text Messages, ECF No. 12-7.  Wood replied, "I don't give a f*** what the law says you and the law can kiss my ass."  *Id.*

## DISCUSSION

The Fair Labor Standards Act ("FLSA") provides that "no employer shall employ any of his employees who in any workweek is

engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).  If an employer does not comply with those requirements, the FLSA provides employees with a private right of action to collect those unpaid wages. 29 U.S.C. § 216(b).  An employee who prevails on his FLSA claims may also recover attorney's fees and costs.  *Id.*

The present record establishes that Gresham was an employee of Father & Son Plumbing who was engaged in commerce because he provided plumbing services to the company's customers in Georgia and South Carolina.  The record also shows that Wood was Gresham's employer within the meaning of the FLSA.  To be personally liable as an "employer" under the FLSA, an employee's supervisor "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee."  *Spears v. Bay Inn & Suites Foley, LLC*, 105 F.4th 1315, 1319 (11th Cir. 2024) (quoting *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986)); *accord* 29 U.S.C. § 203(d) (defining "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee").  Wood meets both requirements because he controlled Father & Son Plumbing, had the authority to set employees' pay rates, set employees' schedules and work

5

assignments, had authority to discipline and terminate employees, and directly supervised Gresham by setting his schedule and assigning his daily tasks.  The present record also shows that Gresham routinely worked more than forty hours in a workweek but was only paid straight time, not the time-and-a-half overtime premium required by the FLSA.[1]  For all these reasons, Gresham is entitled to summary judgment against Wood and Father & Son Plumbing on the issue of FLSA liability.  The remaining question, on which Gresham did not seek summary judgment, is the amount of overtime pay Gresham is entitled.  Gresham requested a hearing on the amount of damages.  That request is granted, and the Court will hold a damages hearing on April 22, 2026 beginning at 9:00 A.M. at the federal courthouse in Athens.

Gresham also seeks summary judgment on his contention that Wood and Father & Son willfully violated the FLSA.  An employer "willfully" violates the FLSA if it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  The Code of Federal Regulations defines reckless disregard

---

[1] Although Wood stated in his deposition that he paid Gresham bonuses that he believed were fair and that Gresham signed an agreement stating that he was an independent contractor, Wood did not produce any evidence of the bonuses or independent contractor agreement during discovery, and he did not present such evidence in response to Gresham's summary judgment motion.  Thus, to the extent that Wood argued that he met the FLSA's overtime requirements by paying bonuses or sought to assert an independent contractor defense, he did not present any evidence to create a genuine fact dispute on these issues.

6

as the "failure to make adequate inquiry into whether conduct is in compliance with the Act." 5 C.F.R. § 551.104. Gresham pointed to Wood's deposition, in which Wood claimed that he relied on his ex-wife to manage the office and research the company's obligations under the wage laws. But Wood did not present any evidence of what, if any, research his ex-wife did, and Gresham's citations to the present record do not demonstrate that Wood or his ex-wife made any inquiry into whether Father & Son Plumbing's pay practices complied with the FLSA. Wood did not present evidence to establish a genuine fact dispute on this issue. For these reasons, Gresham is entitled to summary judgment on his contention that Wood and Father & Son Plumbing willfully violated the FLSA.

CONCLUSION

As explained above, the Court grants Gresham's summary judgment motion (ECF No. 10) and finds that Gresham is entitled to summary judgment on his claim that Wood and Father & Son Plumbing were his employers, that they violated the FLSA by failing to pay Gresham the required premium for his overtime hours, and that the violations were willful. The remaining issue is the amount of FLSA damages. The Court will hold a damages hearing on April 22, 2026 beginning at 9:00 A.M. at the federal courthouse in Athens.[2]

---

[2] Of course, if the parties can reach a stipulation as to the amount of damages (or an agreement that damages may be decided by the Court based on submitted affidavits), the hearing would be unnecessary, thus saving the parties further attorneys' fees and expenses.

IT IS SO ORDERED, this 24th day of March, 2026.

s/Clay D. Land

CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA