IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DAYTON GRESHAM,                          *

    Plaintiff,                          *

vs.                                      *

                              CASE NO. 3:25-CV-63 (CDL)

FATHER AND SON PLUMBING LLC and *
TERRY SCOTT WOOD,
                             *

    Defendants.                         *

                             *

O R D E R

The Court previously granted Dayton Gresham's motion for summary judgment on the liability issue of his Fair Labor Standards Act claim against Defendants. *See* Order (Mar. 24, 2026), ECF No. 13. The Court found that Defendants were Gresham's employers, that they violated the FLSA by failing to pay Gresham the required premium for his overtime hours, and that the violations were willful. *Id.* The remaining issue is the amount of FLSA damages, attorney's fees, and costs Gresham may recover from Defendants. Presently pending before the Court is Gresham's motion for damages, attorney's fees, and costs. The motion (ECF No. 16) is granted to the extent set forth below.

DISCUSSION

The parties stipulated that Gresham is entitled to back pay in the amount of $12,762.87. Stipulation ¶ 2, ECF No. 14. He is also entitled to "an additional equal amount as liquidated

damages." 29 U.S.C. § 216(b). Accordingly, the Court awards Gresham $12,762.87 in back pay, plus an equal amount in liquidated damages, for a total of $25,525.74.

The Fair Labor Standards Act provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The parties did not reach an agreement on the amount of attorney's fees and costs, and they agreed to have the Court resolve the dispute based on affidavits. Gresham filed a motion for attorney's fees and costs, supported by an affidavit from his attorney. Defendants did not respond to the motion or object to the claimed fees and costs.

Gresham seeks costs in the amount of $1,672.48. Those costs include the filing fee, service of process fees, and a deposition transcript fee. Defendants did not object to these costs. Such litigation costs are recoverable under the FLSA, and Gresham may recover them.

Gresham also seeks attorney's fees in the amount of $25,900.[1] In determining whether a requested fee is reasonable, the courts

---

[1] In Gresham's motion, he claims to be owed $26,860.63 in attorney's fees. Confusingly, in the declaration supporting the motion, Gresham's lawyer states that Gresham seeks $26,860.63 in "attorneys' fees and litigation expenses." Burke Decl. ¶¶ 6-7, ECF No. 16-2. The billing records show $22,780.00 in fees, plus $1,672.48 in expenses, and Burke's declaration states that an additional $3,120 in fees were incurred after the bill was prepared, for a total of $25,900 in fees and a grand total of $27,572.48 and fees and expenses. The Court focused its review on the billing records, which is the primary evidence on the amount of fees.

generally use the lodestar method, which presumes that a reasonable fee is the number of hours reasonably expended multiplied by the reasonable hourly rate. *Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 208 (11th Cir. 2021) (per curiam).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Here, Gresham presented evidence that his attorney, Julie Burke, has fifteen years of experience practicing law, with a focus on employment litigation and claims under the FLSA. Gresham requests an hourly rate of $400 per hour for Burke's work in this action and presented evidence that Burke usually charges and receives $400 to $425 per hour for similar work. Although Burke is based in Atlanta, she charges $400 per hour for litigation work on Georgia employment cases outside the Atlanta metropolitan area. Based on the Court's experience and judgment, and in the absence of an objection to the claimed hourly rate, the Court finds that the requested hourly rate of $400 for Burke's work is reasonable in this Athens action.

Gresham, however, did not present any evidence of a reasonable hourly rate for the remaining timekeepers listed on the billing records. Those timekeepers are "IK," "AO," "PAR," and "AS." From the billing records and Burke's declaration, it appears that "IK"

3

is a fifth-year associate named Ian Kecskes with a billing rate of $275 per hour, and "AS" is a first-year associate named Abby Sawyer with a billing rate of $250 per hour.  Burke testified in her declaration that their work was necessary for the case.  Though Gresham did not point to evidence regarding a reasonable hourly rate for these two attorneys, the Court finds, based on its experience and judgment and in the absence of an objection to the claimed hourly rates for Kecskes and Sawyer, that these claimed hourly rates are reasonable in this Athens action.

Turning to the timekeepers "AO" and "PAR," Gresham did not clearly point to any evidence of who "AO" and "PAR" are, what credentials they have, or whether their work was necessary for the case.  In the absence of such evidence, the Court cannot determine their reasonable hourly rates and cannot conclude that their work is compensable.  Accordingly, the time for these two timekeepers (5.3 hours for PAR and 2.4 hours for AO) shall be excluded from the lodestar.

Having determined the reasonable hourly rates for the timekeepers in this action, the Court must determine the number of hours that were reasonably expended on the case.  A fee applicant must provide the Court with documentation of the time spent on the case, including the number of hours and a general description of the time entries.  *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).  A defendant challenging a fee application should make

4

specific objections to hours that the defendant argues should be excluded from the lodestar. Here, Gresham submitted detailed billing records regarding the work his lawyers did on this case, and there were no objections to the number of hours as excessive, redundant, or unnecessary. Based on the Court's review, Burke, Kecskes, and Sawyer spent a total of 63.6 hours on this case, which included discovery, a partial summary judgment motion, and the fee application. In the absence of an objection to these claimed hours, the Court finds that the hours were reasonably expended.

Based on the foregoing considerations, the lodestar amounts to $24,410. This amount includes 56.4 hours by Burke at a rate of $400 per hour, 2.0 hours by Kecskes at a rate of $275 per hour, and 5.2 hours by Sawyer at a rate of $250 per hour. Defendants do not object to the lodestar, and they did not argue that the lodestar should be reduced. Gresham was fully successful on his FLSA claim, and the Court thus finds that the lodestar represents a reasonable fee. Accordingly, the Court awards Gresham attorney's fees in the amount of $24,410.00.

## CONCLUSION

In summary, the Court awards Gresham back pay and liquidated damages from Defendants in the amount of $25,525.74, attorney's fees in the amount of $24,410.00, and litigation expenses in the amount of $1,672.48, for a total judgment of $51,608.22. The Clerk

shall enter judgment in favor of Gresham and against Defendants, jointly and severally.

IT IS SO ORDERED, this 27th day of May, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA