IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DAYTON GRESHAM, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 3:25-CV-63 (CDL) |
| FATHER AND SON PLUMBING LLC and TERRY SCOTT WOOD, | * | |
| | * | |
| Defendants. | * | |

O R D E R

The Court entered judgment in favor of Plaintiff and against Defendants. Judgment (May 27, 2026), ECF No. 18. To aid in execution of judgment, Plaintiff served post-judgment discovery requests on Defendants through their counsel of record, as is permitted by Federal Rule of Civil Procedure 69(a)(2). Defendants' counsel of record, Adam M. Cain, replied that he does not represent Defendants for the post-judgment collection proceedings, and Defendants did not respond to the post-judgment discovery requests. Plaintiff filed a motion to compel, arguing that because Cain has not been granted permission to withdraw from his representation of Defendants, it was proper for Plaintiff to serve the post-judgment discovery requests on him, and Defendants should be ordered to respond to those requests. The motion to compel (ECF No. 21) is granted to the extent set forth below.

Adam Cain is the only counsel of record for Defendants. No other lawyer has entered an appearance for Defendants, and Cain has not filed a motion to withdraw as required by Local Rule 83.1.4. Accordingly, Cain has not been formally relieved of his duties in this action, and he remains counsel for Defendants in this action, including for post-judgment proceedings.

Plaintiff properly served the post-judgment discovery requests on Defendants via Cain. *See* Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."). Defendants did not respond to the post-judgment discovery requests or provide a legitimate reason for their failure to do so. The Court thus grants Plaintiff's motion to compel and orders Defendants to respond to Plaintiff's post-judgment discovery requests within twenty-eight days of today's order.[1]

IT IS SO ORDERED, this 17th day of November, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

[1] If counsel seeks to withdraw, he shall file a motion asking for permission to withdraw. The motion shall include a sworn statement from counsel that he has delivered the discovery requests to Defendants, has informed Defendants of their duty to respond to the requests, and has advised them of the legal consequences for failing to do so, including potentially being held in contempt of court and all that it entails.